UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

DIANNE ROMANO,

                Plaintiff,

        -against-

STORA ENSO CORP., NANCY NYBERG, and
CHRISTOPHE KUSEL,

                Defendants.

-------------------------------------------------------------------X

**MEMORANDUM & ORDER
07-CV-4293 (NGG) (WDW)**

NICHOLAS G. GARAUFIS, United States District Judge.

        On February 12, 2010, Magistrate Judge William D. Wall issued a Report &

Recommendation ("R&R" (Docket Entry # 36)) recommending that Defendants' Motion for

Summary Judgment (Docket Entry # 24) be granted and that Plaintiff's Complaint be dismissed.

On February 25, 2010, Plaintiff filed an Objection to the R&R ("Objection" (Docket Entry #

37).) Having reviewed the R&R and the Objection, the court adopts Judge Wall's well-reasoned

and thorough R&R and grants Defendants' Motion for Summary Judgment.

## I.    LEGAL STANDARD

        In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part,

the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  The

court must conduct a de novo review of those portions of the R&R to which a party has objected.

Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).  Where a party makes only conclusory or general

objections, or simply reiterates arguments previously made, the court reviews the R&R strictly

for clear error.  See Harden v. Laclaire, No. 07-CV-4592 (LTS), 2008 U.S. Dist. LEXIS 86582 at

*1 (S.D.N.Y. Oct. 27, 2008) (collecting cases).  "Objections to a Report and Recommendation

must be specific and clearly aimed at particular findings in the magistrate judge's proposal." Id. at *2.

## II.    DISCUSSION

Plaintiff asserts that Defendants violated her rights under Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York State Human Rights Law ("NYSHRL"). Specifically, Plaintiff alleges that Defendants (1) fired her because of her gender; (2) subjected her to a hostile work environment through sexual harassment; and (3) retaliated against her in response to her charges of discrimination. (See Compl. (Docket Entry # 1).) Judge Wall recommended that the court grant Defendants' motion for summary judgment with respect to each claim. The court assumes familiarity with the underlying facts as set forth in Judge Wall's R&R.

### A.    Gender-Based Termination

Judge Wall concluded that Defendants successfully demonstrated the absence of any genuine issue of material fact with respect to Plaintiff's prima facie case under the McDonnell Douglas/Burdine burden-shifting scheme. See McDonnell Douglas Corp v. Green, 411 U.S. 792, 802-804 (1973); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981). Specifically, Judge Wall found that no reasonable jury could conclude that Plaintiff had satisfied her prima facie burdens of proving that her job performance was satisfactory and that her termination occurred under circumstances giving rise to an inference of discrimination. (See R&R 22-29.) Judge Wall further found that, even if Plaintiff were able to survive summary judgment based on her prima facie case, there was no genuine issue of material fact with respect to either Defendants' legitimate, non-discriminatory reason for terminating Plaintiff or the pretextual nature of that reason. (Id. at 29-30.) The court addresses each conclusion in turn.

1)      Plaintiff's Job Performance

As part of her prima facie case, a plaintiff in an employment discrimination case must prove that she performed her job satisfactorily. See Thornley v. Penton Publishing, 104 F.3d 26, 29 (2d Cir. 1997). Plaintiff's Objection sets forth, without any citation to the record, a bulleted list of assertions that she claims raise genuine issues of material fact regarding her performance (Objection 3-4.) Several of these assertions have nothing whatsoever to do with Plaintiff's burden of proof. For example, Plaintiff claims that her employer had difficulty evaluating her performance and denied her opportunities to advance her career. Id. She also claims that her alleged poor performance was not documented. Id. Even assuming that these allegations are true, however, they would not satisfy Plaintiff's burden of offering evidence that she was performing satisfactorily at the time of her firing.

According to Judge Wall, the only evidence that Plaintiff submitted to demonstrate successful job performance was a positive evaluation that she received in March 2006. (R&R 22.) In her Objection, Plaintiff appears to assert – without citation to the record – additional evidence of her satisfactory performance. (Objection 3.) Specifically, Plaintiff states that she worked "very hard" to get new business from Vonage and that she created new business through her work on a Verizon account. (Id.) There is evidence that Plaintiff was, at least for some period of time, working very hard to get business from Vonage. (See Pl. Ex. 2 135.) There does not, however, appear to be evidence in the record that Plaintiff created any significant new business through the Verizon account in the period directly preceding her termination.

As Judge Wall noted, however, the record contains undisputed evidence that Plaintiff was not meeting her employer's expectations beginning, at the latest, in November 2006. (See, e.g., Pl. Ex. 2 182-187; Pl. Ex. 12; Pl. Ex. 5 22-23.) Plaintiff herself twice admitted that she was

3

spending too much time on the Verizon account. (See Defendants Rule 56.1 Counterstatement ¶ 25; Pl. Ex. 1 214, 261-62; Pl. Ex. 2 55-56.) Accordingly, regardless of Plaintiff's hard work on the Vonage account, there is no genuine issue of material fact with respect to her overall performance.

2)   <u>Circumstances Giving Rise to an Inference of Discrimination</u>

A plaintiff in an employment discrimination case must also prove, as part of her prima facie case, that her termination occurred under circumstances giving rise to an inference of discrimination. <u>See, e.g.</u>, <u>Jimoh v. Ernst & Young</u>, 908 F. Supp. 220, 226 (S.D.N.Y. 1995). Judge Wall found that Plaintiff had presented no evidence that Plaintiff's employment was terminated because of her gender. (R&R 24.) Plaintiff asserts that an inference of discrimination is appropriate because Defendants have not substantiated her alleged poor performance. (Objection 5.) There is no place, however, for such an inference when evaluating a plaintiff's prima facie case. But there is a strong inference that discrimination was <u>not</u> the motivating factor for an employee's termination where the same individuals hire and then, within a relatively short time period, terminate an employee. <u>See, e.g.</u>, <u>Stetson v. Nynex Service Company and Nynex Corp.</u>, 1992 U.S. Dist. LEXIS 14856 *13 n.3, <u>aff'd</u>, 995 F.2d 355 (2d. Cir. 1993). It is undisputed that the same individuals who participated in the decision to hire Plaintiff in August 2005 also participated in the decision to terminate her employment in December 2006. (<u>See</u> Defendants' Rule 56.1 Statement ¶ 8, Pl. Ex. 3 96)

In the section of her Objection relating to an inference of discrimination, Plaintiff again provides a bulleted list of "facts" without citations to the record. (<u>See</u> Objection 5.) Essentially, they are regurgitations of Plaintiff's allegations of sexual harassment. As Judge Wall found, however, there is absolutely no nexus between these allegations and Plaintiff's termination. (<u>See</u>

R&R 25.) Accordingly, there is no genuine issue of fact regarding the existence of circumstances giving rise to an inference of discrimination.

### 3) Legitimate, Non-Discriminatory Reason for Firing and Pretext

Plaintiff argues that there are genuine issues of material fact regarding Defendants' proffered legitimate, non-discriminatory reason for her firing. (See Objection 6-7.) Defendants' burden is merely one of production, however. See Watson v. Ft. Worth Bank & Trust, 487 U.S. 977, 986 (1988). Defendants met that burden by asserting that Plaintiff's employment was terminated because of her unsatisfactory job performance, i.e., her failure to develop new business and to submit a plan to improve her performance. (See, e.g., Def. Mem. 6.)

Plaintiff also asserts that there are genuine issues of material fact regarding whether Defendants' proffered reason was a pretext for discrimination. (Objection 7-8.) As the court has already noted, however, there is undisputed evidence of Plaintiff's unsatisfactory performance and no demonstrated nexus between Plaintiff's allegations of sexual harassment and her termination. Thus, as with Plaintiff's prima facie case, there is no genuine issue of material fact regarding the question of whether Defendants' proffered reason is pretextual and Defendants are entitled to summary judgment on the discrimination claim.

### B. Hostile Work Environment

Judge Wall concluded that Plaintiff's allegations did not raise a genuine issue of material fact regarding her claim that she was subjected to a hostile work environment in violation of Title VII and the NYSHRL. (See R&R 30-35.) To succeed in such a claim, a plaintiff must show that she was harassed because of her sex. See Oncale v. Sundowner Offshore Servs., 523 U.S. 75, 81 (1998). Plaintiff's hostile work environment claim is based on the conduct and comments of Nancy Nyberg, her supervisor. Plaintiff alleges that there is sufficient evidence to

raise a genuine issue of material fact regarding her hostile work environment claim. (See Objection 8-10.)

The court agrees with Judge Wall. Other than Plaintiff's own allegations, there is no evidence that Nyberg treated men and women differently. Two of Plaintiff's co-workers testified to the contrary. (See Def. Ex. E 36-37, 47-48, 72; Def. Ex. F 16, 18.) There is also no evidence that Nyberg was motivated by sexual desire or by a hostility to the presence of women in the workplace. See Oncale, 523 U.S. at 80-81. Moreover, Judge Wall correctly found that, even if Nyberg's comments were based on Plaintiff's sex, they did not rise to the level of severity or pervasiveness necessary to support a finding of sexual harassment. (R&R 34-36.) Plaintiff has not identified any facts or controlling law that Judge Wall overlooked in making this determination. Accordingly, there is no genuine issue of material fact regarding Plaintiff's hostile work environment claim and Defendants are entitled to summary judgment.

**C.    Retaliation**

Plaintiff's final claim is for retaliation under Title VII and the NYSHRL. Judge Wall analyzed four occasions on which Plaintiff alleged that she had made complaints protected by Title VII and the NYSHRL. (R&R 37-40.) He found that the only protected activity occurred when Plaintiff complained about Defendants' conduct in November 2006. (Id.) Plaintiff does not dispute this conclusion. Plaintiff argues, however, there is evidence of a causal connection between her complaints in November and her termination. (Objection 12-14.) Yet, as Judge Wall found, Plaintiff offers no evidence of retaliatory animus other than the temporal proximity between her firing and the November complaints. See Johnson v. Palma, 931 F.2d 203, 207 (2d Cir. 1991); (R&R 41). Her allegations of harsh treatment (Objection 12-14), even if fully credited, do not meaningfully connect her complaints and her firing. Moreover, before she

complained, Plaintiff's supervisors warned her about her performance and discussed her firing. (See, e.g., Def. Ex. M; Pl. Ex. 2 161, 170-73.) As such, there is no genuine issue of material fact regarding the causal connection between Plaintiff's protected activity and her firing and Defendants are entitled to summary judgment.

## III.   CONCLUSION

Defendants have demonstrated that there is no genuine issue of material fact with regard to any of Plaintiff's claims and that they are entitled to judgment as a matter of law. Accordingly, Defendants' motion for summary judgment is GRANTED. Plaintiff's claims are dismissed with prejudice.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
March [ ], 2010

NICHOLAS G. GARAUFIS
United States District Judge